# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TANYA VESCO, | |
| Plaintiff, | Case No. 2:13-cv-01490-JAD-CWH |
| vs. | **ORDER** |
| STATE FARM MUTUAL INSURANCE CO., | |
| Defendant. | |

    This matter came before the undersigned Magistrate Judge on April 4, 2014, for hearing on Plaintiff's Motion to Compel (#17).  After argument, the undersigned granted the motion in part and denied it in part.  The Court ordered Defendant to amend and clarify its privilege log.  It also ordered Defendant to provide notes regarding the internal handling of the UIM claim file following the filing of the complaint and the redacted documents relating to the log notes on the underlying third-party claim for *in camera* review.  Lastly, it required defense counsel to notify the third-party claimant that medical records memorializing his degree of intoxication at the time of the underlying motor vehicle accident were subject to disclosure and any objection to disclosure should be made within ten days of the notification.

    Defendant notified the third-party claimant of the disclosure of certain of his medical records.  No objection to the disclosure was lodged.  The parties have entered into a stipulated protective order regarding the medical records (#30) and it appears the records have been disclosed.  To the extent they have not been disclosed, they shall be disclosed within fourteen (14) days of this order.

    The Court has also undertaken review of the redacted and unredacted claim notes submitted

*in camera* by Defendant.[1]  Against the parameters for disclosure agreed to by the parties during the April 4 hearing, the undersigned orders unredacted disclosure of the following claim notes (listed numerically by activity log number): 273, 272, 270, 269, 264, 263, 262, 260, 110, 91, 68, 66, 65, and 64.  The undersigned further notes that, as indicated by Defendant, the vast majority of redactions relate to a single entry relating to Defendant's valuation of the third-party claim.  Nevertheless, the claim notes ordered disclosed above contain Defendant's valuation, thus rendering the need for redaction in most of the activity log numbers unnecessary.  Consequently, the Court also orders unredacted disclosure of the following claim notes (listed numerically by activity log number): 259, 252, 248, 243, 231, 222, 209, 203, 201, 138, 135, 131, 130, 128, 127, 125, 111, 107, 98, 96, 77, 75, and 69.  Unless specifically identified herein, unredacted disclosure of other claim notes is not required.[2]

**IT IS SO ORDERED**.

DATED: July 22, 2014.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**

---

[1] The undersigned notes his appreciation for the professional presentation of both the redacted and unredacted exhibits.

[2] The documents submitted *in camera* will be disposed of by the Court.